**SO ORDERED.**

**SIGNED this 6 day of August, 2015.**



_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:                                                      CASE NO. 15-02941-5-DMW

MEHDI MOSHAASHAEE
LEANDRA COLLEEN MOSHAASHAEE
                                                            CHAPTER 11
             DEBTOR

### ORDER DENYING EMERGENCY MOTION TO RECONSIDER

This matter comes on to be heard upon the Emergency Motion Requesting Reconsideration of *Sua Sponte* Order Appointing Johnny Bass Chapter 11 Examiner Pursuant to 11 U.S.C. § 1104(c) Entered June 29, 2015 ("Emergency Motion") filed by Mehdi Moshaashaee and Leandra Colleen Moshaashaee ("Debtors") on June 30, 2015.  The court conducted a hearing in Raleigh, North Carolina on July 1, 2015.  Robert Lewis, Jr., Esq. appeared for the Debtors, and Brian C. Behr, Esq. appeared on behalf of United States Bankruptcy Administrator ("BA").  Based upon the evidence presented and the arguments of counsel, the court makes the following findings of fact and conclusions of law:

1.     This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334.  The court has the authority to hear this

matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2. The Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code ("Code") on May 27, 2015.

3. On June 29, 2015, the court held a status conference to receive an update in the Debtors' case. At the status conference, the BA expressed concerns regarding the Debtors' pre-petition purchases and transfers.

4. Within the Debtors' Schedules and Statement of Financial Affairs, the Debtors disclosed the transfer of a 1/3 ownership interest ("Transfer") in two of their businesses: Kiddsville Development, LLC and ZED Enterprises, LLC ("LLCs"). The ownership interests were transferred to the Debtors' daughter, Bebe Vanhoosier. The Debtors contended that the LLCs and the assets owned by the LLCs were not part of the bankruptcy estate. The BA alleged, however, that concerns arose regarding the Debtors' reliance on the LLCs to provide for the Debtor's living expenses, paired with the depletion of Debtors' personal estate, raised suspicions that the Transfer was fraudulent and avoidable.

5. Causing further concern, the Debtors, on the eve of bankruptcy, purchased a new 2015 Infiniti QX60 ("Infiniti") with borrowed funds for the personal use of the female Debtor. According to Debtors' counsel, the female Debtor traded in a 2006 Toyota for the Infiniti. The payment on the Infiniti is approximately $800.00 per month.

6. At the conclusion of the status conference, the court appointed Johnny Bass of Bass Business Solutions as Chapter 11 examiner ("Examiner").

7. In the Order appointing the Examiner ("Examiner Order"), the court detailed the conduct of the Debtors and found that the Debtors' actions were inconsistent with the expectations

of Chapter 11 debtors. The court also explained that the court had concerns regarding the Debtors' financial responsibility and their ability to manage their Chapter 11 estate. The Debtors' conduct justified the appointment of the Examiner.

8. The Examiner Order required that the Examiner investigate the Debtors' pre-petition and post-petition financial affairs, as well as those of the Debtors' companies, and report the findings to the court. The Debtors were also ordered to apprise the Examiner of all anticipated expenditures exceeding $500.00 and all expenditures of their companies, including the LLCs, exceeding $1,000.00.

9. The Debtors filed the Emergency Motion on June 30, 2015 and requested and immediate hearing for reconsideration of the Examiner Order. The Debtors argued that the court did not have the authority to appoint the Examiner because 11 U.S.C. § 1104(c) requires that an examiner be appointed only "on the request of a party in interest or the United States trustee, and after notice and hearing."

10. The Examiner will be paid $125.00 per hour with payment being made from the Debtors' estate. The Debtors contend that the cost of the Examiner did not justify appointment. The Debtors further contend that expenditure reporting requirement is unnecessarily burdensome and will cause irreparable harm.

11. Based on the plain language of the Code and the clear weight of supporting authority, the court has authority to appoint an examiner without motion or request by a party in interest.

12. This court in *In re Landscaping Services, Inc.*, previously held that 11 U.S.C. § 1104 "sets forth when the court *must* appoint a trustee or examiner, but does not limit the court's

broad power under 11 U.S.C. §105." *In re Landscaping Servs., Inc.*, 39 B.R. 588, 590 (Bankr. E.D.N.C. 1984) (Emphasis in original). This court held that:

> "when there is a clear need for an independent investigation to develop information which is essential to the court's evaluation of the confirmation requirements of the debtor's 'good faith,' the court need not stand helplessly by hoping that a party in interest might ask for an examiner. If the appointment of an examiner is necessary, the court may itself initiate the request."

*Id.* at 591.

13. The United States Bankruptcy Court for the Southern District of Georgia also held that the court clearly has the authority *sua sponte* to order the appointment of a trustee or examiner. *First Am. Health Care of Georgia, Inc. v. U.S. Dep't of Health & Human Servs.*, 208 B.R. 992, 994 (Bankr. S.D. Ga 1996). The court in *First Am. Health Care* states that "Section 105 [of the Code] is clear in its language that no provision of Title 11 permitting a party in interest to raise an issue precludes the court from *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules." *In re First Am. Health Care Of Georgia, Inc*. *v. U.S. Dep't of Health & Human Servs*, 208 B.R. at 994.

14. The court further stated that "Section 1104 clearly contemplates that if an investigation of any fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor by current of former management is necessary either to protect the interest of creditors, equity security holders, or the estate . . . the court *shall* order the appointment of an examiner on motion and after notice or hearing." *Id*. at 994. (Emphasis in original). The court further explains that Section 1104 of the Code is silent on whether the court has power to act in the absence of a motion of the parties in interest; however, read in conjunction with Section 105, it is clear that the court has the authority to take such action *sua sponte*. *See In re Bibo, Inc.,* 76 F.3d 256 (9th Cir. 1996)(holding that bankruptcy court has the authority to appoint

4

a trustee in a Chapter 11 proceeding *sua sponte* ); *Matter of Mother Hubbard, Inc.,* 152 B.R. 189, 197 (Bankr.W.D. Mich. 1993)(holding that bankruptcy court may appoint trustee *sua sponte* if from evidence it appears that cause exists or an abuse of the process); *Healthmaster Home Health Care, Inc., v. Shalala (In re Healthmaster Home–Health Care, Inc.),* Case No. 95–10548, Adv. Pro. 95–1031, slip op. (Bankr. S.D. Ga., April 13, 1995); *In re Pub. Serv. Co. of New Hampshire,* 99 B.R. 177, 182 (Bankr. N.H. 1989)(holding that bankruptcy court may appoint an examiner *sua sponte*); *In re UNR Indus., Inc.,* 72 B.R. 789 (Bankr. N.D. Ill. 1987); *In re Landscaping Servs., Inc.,* 39 B.R. 588 (Bankr. E.D.N.C. 1984); *see also In re Maruko, Inc.,* 160 B.R. 633, 637 (Bankr. S.D. Cal. 1993)(holding that a bankruptcy Court may appoint a "fee examiner" *sua sponte* ); *In re Busy Beaver Bldg. Centers, Inc.,* 19 F.3d 833 (3rd Cir. 1994)(holding that bankruptcy court may review fee applications *sua sponte*).

15. The purpose of the Examiner in the present case is to investigate any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the debtor. 11 U.S.C. § 1104(c). Cause exists and continues to exist to appoint an Examiner to review the BA's allegations and concerns of fraud surrounding the Transfer. The timing of the Transfer on the eve of bankruptcy, while hopefully not fraudulent, is an irregularity and casts a shadow on the Debtors' management of the estate.

16. Further, the Debtors' pre-petition decision to purchase the Infiniti indicates a lack of fundamental understanding of the belt-tightening requirements expected of bankruptcy debtors.

17. Finally, the Debtors' use of the LLC assets to fund their daily living expenses and bankruptcy expenses, combined with the depletion of the Debtors' personal estate, questions the Debtors' ability to be successful in a Chapter 11 proceeding. These events require the objective perspective and review of the Examiner.

18. This court heeds the urging of the District of Maryland, echoed by Judge Small in *In re Landscaping Servs., Inc*, where "bankruptcy judges were admonished to 'intensify their scrutiny' of chapter 11 cases." *In re Landscaping Services, Inc.*, 39 B.R.588, 591; citing *Furness v. Lilienfield*, 35 B.R. 1006 (D. Md. 1983).

19. The appointment of the Examiner was not to hinder or harm the Debtors' efforts in bankruptcy, but to aid them in proceeding through their case successfully, ultimately to receive a fresh start. The Debtors can benefit from the Examiner's involvement and insight.

20. The requirement that the Debtors keep the Examiner appraised of personal purchases over $500.00 and business expenditures over $1,000.00 poses no irreparable harm to the Debtors. The requirement allows for a proper monitoring of the Debtors' historically poor choices in the way they have spent their financial resources.

21. The benefit and protection that the Examiner can provide to the Debtors, the estate, and the creditors far outweighs the cost of the Examiner. The court chose the Examiner over appointing a trustee in order to save costs. It is now up to the Debtors to avoid a more costly alternative; now therefore,

It is ORDERED, ADJUDGED and DECREED that the Emergency Motion is denied.

END OF DOCUMENT